11517

BENTON v. YARBOROUGH *ET AL.*

(123 S. E., 204)

1. CONSTITUTIONAL LAW—EMINENT DOMAIN—COUNTY AUTHORITIES CANNOT AUTHORIZE CONSTRUCTION OF PRIVATE TELEPHONE LINE ALONG HIGHWAY.—A private individual has no right by permission of county authorities to construct a telephone line for his own private use along a public highway over protest of owner of fee, in view of Const. U. S. Amend. 14, and Const. S. C., Art. 1, § 5, and Civ. Code 1922, §§ 5015-5037.

2. EMINENT DOMAIN—CONSTRUCTION OF PRIVATE TELEPHONE LINE NOT A PROPER STREET USE.—Use of street for construction of a private telephone line, other than by city for its own purposes and that of its inhabitants, is not a proper street use, and hence entitles property owner to compensation for any injury to his property.

Before SHIPP, J., Florence, February, 1923. ·Affirmed.

Action by H. L. Benton against E. L. Yarborough and others. Judgment for defendants and plaintiff appeals.

*Messrs. Whiting & Baker,* for appellant, cite: *Right to put telephone line on right of way granted for public highway:* 7 L. R. A. (N. S.), 87; 2 Ann., 156; 51 A. S. R., 543; 50 S. E., 410; 8 Ann. Cas., 955; 28 Atl., 1036; 52 L. R. A., 671; 65 A. S. R., 361; 49 Am. Rep., 7; Acts 1923, page 640.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* for respondent, cite: *Fee still in defendant and public acquired only easement in highway:* 104 S. C., 311; 18 S. C., 254; 29 C. J., 540; 19 A. S. R., 908. *Use of public highway by public telephone line is an additional servitude and gives right of action to owner of the soil:* 58 L. R. A., 782; 50 L. R. A., 289; 60 L. R. A., 426; 25 L. R. A., 640; 67 S. C., 515; 24 A. S. R., 290; 28 A. S. R., 219; 72 A. S. R., 666; 69 A. S. R., 286; 95 A. S. R.. 720; 62 A. S. R., 390; 108 Fed., 926; 64 N. E., 145; 5 L. R. A. (N. S.), 1142; 79 N. E., 705; 26 L. R. A. (N. S.), 1171; 47 Am. Rep., 453; 19 A. S. R., 113; 19 A. S. R., 908; 49 Fed., 113; 46 ·A. S. R., 578; 3 Dillon Mun. Corp., 5th Ed., Sec. 1221. *Distinction between city streets and country highway:* 15 Cyc., 682; 3 L. R. A. (N. S.), 323; 41 S. E., 125; 49 Am. Rep., 7; 57 Am. Rep., 398; 55 A. S. R., 930; 65 A. S. R., 358; 2 Ann. Cas., 152; 51 A. S. R., 543; 24 L. R. A., 721; 56 L. R. A., 171; 7 L. R. A. (N. S.), 87; 50 S. E., 410; 165 Fed., 263; 8 Ann. Cas., 755; 81 A. S. R., 155. *Consideration of Post Roads:* Act 89 Fed., 190; 195 U. S., 540; 148 U. S., 92; 224 U. S., 160; 178 U. S., 239. *Taking of private property without just compensation*

*prohibited:* 95 S. C., 268; 69 S. C., 515; 67 S. C., 515; 29 C. J., 543; 66 S. C., 433; 72 S. C., 90; 75 S. C., 455; 53 S. C., 119; 89 Fed., 190; 24 A. S. R., 290.

May 27, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The question involved in this appeal may be stated thus:

"Has a private individual the right in this state, by permission of the county authorities, to construct a telephone line for his own private use along the line of a public highway over the protest of the owner of the fee in the soil upon which such highway is located?"

The question has not arisen in the way which might have been expected, that is in an action by the landowner against the alleged trespasser, but in an action by the individual who has proposed to erect the private line, against the owner of the land, to enjoin him from interfering with the right which the erector claims to have acquired.

The admitted facts are these: The plaintiff lives some distance from Timmonsville in the country; desiring to connect his home with other private lines in the community, which in turn were to be connected with the public exchange of the Southern Bell Company in Timmonsville, he obtained permission from the supervisor of Florence County to construct and maintain such private telephone line along a public highway of the county, after having applied to the defendant for and been refused permission to do so. The particular portion of the highway along which the plaintiff's line was projected is through and over a tract of land owned by the defendant E. L. Yarborough. After the plaintiff had obtained permission from the supervisor, he undertook to locate and establish the line. The defendant made such strenuous objection to the contemplated work that the plaintiff desisted from his efforts, and instituted this action to enjoin the defendant from inter-

fering with the right which he claimed to have acquired. A temporary restraining order was issued by his Honor, Judge Sease, on March 21, 1922, and the plaintiff proceeded with and completed the construction and installation. By his answer the defendant claimed ownership of the land where the line had been erected; that the public highway was but an easement and that the plaintiff had no right without his permission to build the line.

The matter was heard by his Honor, Judge Shipp, upon an agreed statement of facts, the substance of which is set forth above. On February 27, 1923, Judge Shipp filed a decree sustaining the defendant's contention, dissolving the complaint, and ordering the plaintiff to remove the line from the defendant's land. From this decree the plaintiff has appealed, and by his exceptions raises the question stated at the opening of this opinion.

The defendant has not raised the question whether or not the supervisor of Florence County, under the Act of 1923, would have the power to grant such permission, as the act was passed after the transaction, the act requiring such permission to be given in writing and by the county commissioners, or whether or not the supervisor without that act would have that power. It appears to be assumed that if such permission would protect the plaintiff, it has been legally acquired. The contest has been waged on the contention of the defendant that the fee of the land over which the county had an easement belonged to him; that a telephone line located thereon is an additional servitude, and that to indorse the action of the county authorities in granting permission even for the erection of a public telephone line, amounts to a taking of his property without compensation to him, in violation of the Constitution, Art. 1, § 5, and of the Fourteenth Amendment to the Constitution of the United States.

Most of the decided cases involve the power of the Legislature to authorize the placing of poles and lines of wire on

highways by telegraph and telephone companies, and they are generally agreed upon the proposition that such a use is a public use, authorizing the exercise of the right of eminent domain; the point of controversy is whether or not this authority can be legislatively conferred without providing for compensation to the abutting owner, the owner of the fee. This of course depends upon the question whether or not the installation of such an enterprise is an additional servitude upon the land already burdened with the easement necessary for the highway. If it is, the owner is entitled to compensation; otherwise not. Upon this issue the Courts are hopelessly divided, ·as may be seen in 3 Dillon, Mun. Corp. (5th Ed.), § 1221.

The Courts holding in favor of the idea of an additional servitude do so upon the ground that the highway was intended for locomotion; that the poles and wires of telegraph and telephone companies have no reference to this primary purpose; that they were not contemplated in the original dedication or appropriation of the land to highway purposes, and that they must be regarded not as a legitimate highway use, but as a new use and as imposing an additional burden upon the highway and consequently upon the land upon which it is located.

On the other hand, the Courts holding against the idea of an additional servitude do so upon the ground that, when a highway is laid out, it is contemplated that it should be subjected not only to use by means of travel known at the time when it is opened, but also to any improvements thereon which invention or science may develop; that telegraph and telephone lines are regarded as means of transmitting intelligence and as substitutes for messengers traveling upon the highway, and as being under legislative sanction, fairly within the public purposes for which the highway was laid out and opened, 3 Dillon, Mun. Corp. (5th Ed.), § 1221.

In the case at bar the question of legislative power is not at all involved; for there is no legislation in this state

authorizing the acquisition by a private individual, for his own private purpose, of the right to install a telephone line upon a highway, if indeed such legislation would be constitutional under Article 1, § 17, which provides that private property shall not be taken at all for private use without the consent of the owner and not for public use without just compensation being first made therefor, unless the Court should hold that the easement for a highway carries with it the power to confer the right of installing such lines; in other words, that it is not an additional servitude.

The only legislation in this state on the subject (up to the passage of the Act of 1923, 34 Stat. 640), is Chapter 53, Vol. 3, Code of 1922, which confers the power of condemnation with compensation, upon telegraph and telephone companies, *quasi* public corporations.

So without deciding the question of legislative power to confer the right without compensation, the rule applicable to this particular case is correctly stated in 3 Dillon, Mun. Corp. (5th Ed.), § 1221, as follows:

"The conservative view is that such a use of the street other than by the city itself, for its own purposes, and that of its inhabitants, attended as it may be, especially in cities, with serious damage and inconvenience to the abutting owner, is not a street use proper, and hence entitles such owner to compensation for such use, or for any actual injury to his property caused by poles and lines of wire placed in front thereof by individuals or private companies."

And he adds drawing the distinction:

"But much may be said in favor of the proposition that such a use of the street is a legitimate street use when expressly sanctioned by the Legislature."

In 15 Cyc., 682, speaking of the installation by telegraph and telephone companies (for public use), it is said:

"According to the decided weight of authority, the use of a county highway for the poles and wires of a telegraph or telephone company, is not one of the ordinary and legitimate uses of such highway, and if such use is

made of it, the abutting owners must be compensated."

Reserving the questions whether or not the Legislature would have the power to declare that such installation would not be an additional servitude in the case of public corporations, we decline to extend that doctrine to a case of private enterprise.

The judgment of the Circuit Court is accordingly affirmed. MESSRS. JUSTICES WATTS, FRASER and MARION concur. MR. CHIEF JUSTICE GARY did not participate.